## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION,<br><br>Plaintiff,<br><br>v.<br><br>THE KANSAS CITY SOUTHERN RAILWAY COMPANY, a corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 22-160<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION TO ENFORCE ARBITRATION AWARD ISSUED BY THE NATIONAL RAILROAD ADJUSTMENT BOARD FIRST DIVISION

1. This is a petition to enforce an arbitration award issued by the First Division of the National Railroad Adjustment Board ("the Board") in Docket No. 50878, Award No. 31034 ("the Award"), under Section 3 First(p) of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First(p).

2. Section 153 First(p) of the RLA empowers federal district courts to make such orders or to enter other judgments as may be appropriate to enforce awards and orders of National Railroad Adjustment Boards and Public Law Boards.

3. Venue properly resides in this Court under the provisions of 45 U.S.C. § 153 First(p), which permits the grievant, or any person for whose benefit an order of the Board is made, to seek compliance in a district court in which the Plaintiff resides or through which the carrier operates.

4. The Transportation Division of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART-TD") is the duly authorized representative for the purposes of the RLA of the crafts or classes of train service employees employed by The Kansas City Southern Railway ("KCS" or "the Carrier"), including conductors.

5. KCS is a corporation engaged in interstate transportation by rail and is a "carrier" as defined by the RLA, 45 U.S.C. § 151 First. KCS has its principal operating office at 427 W 12th Street, Kansas City, MO 64105. KCS operates through this district.

## COUNT I

6. The facts surrounding the claim that gives rise to the Award are explained in detail in said Award, a true and correct copy of which is attached as Exhibit A.

7. In sum, the claimant, Brandon Smith, was initially removed from service on or around October 10, 2018, pending an investigation and hearing. Following said investigation and hearing held on October 24, 2018, Mr. Smith was thereafter terminated via letter dated November 2, 2018.

8. SMART-TD, on Mr. Smith's behalf, filed a claim seeking, *inter alia*, reinstatement to service with seniority rights, and pay for all time lost "without any deduction for outside earnings." SMART-TD progressed said claim that was the subject of the Award in the usual manner permitted by the applicable collective-bargaining agreement.

9. Upon failure of the Parties to reach an agreement, the dispute was referred to the NRAB as provided in Section 3 First(i) of the RLA, 45 U.S.C. § 153 First(I).

10. In Case No. 21-NRAB-00001-210162, Award No. 31034, the Board fully sustained the claim with no caveats, and ordered the Carrier to comply within 30 days from the date of the transmission of the Award to the Parties.

11. Mr. Smith was returned to work in accordance with the terms of the Award. However, to date, KCS has refused to provide Mr. Smith with back pay as ordered by the Award until he provides documentation of outside earnings to deduct from the amount of back pay in contravention of the plain language of the Award which does not allow for such deductions.

12. Section 3 First(p), 45 U.S.C. § 153(p), provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

13. Section 3 First(p), 45 U.S.C. § 153(p), provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

WHEREFORE, Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION, respectfully requests that this Court grant the following relief:

   a. Issue injunctive relief requiring that KCS, its officers, agents, and employees comply with NRAB Award No. 31034, including the full payment of back pay and the reinstatement of any lost benefits as ordered by the awards with no deduction for outside earnings;

   b. Award attorneys' fees and costs to SMART-TD in accordance with 45 U.S.C. § 153 First(p) and Second; and

c. Grant Plaintiff such other and further relief, which this Court deems to be just and proper.

        INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION, DIVISION, Plaintiff

        PRATT & TOBIN, P.C.

BY: s/Benjamin P. Tobin
     BENJAMIN P. TOBIN - #63604MO
     150 South Bellwood Drive
     P. O. Box 179
     East Alton, IL 62024
     Telephone: (618) 259-8011
                (800) 851-5562
     Facsimile: (618) 259-6793
     E-mail: lawoffice@prattandtobin.com
     E-mail: btobin@prattandtobin.com

     ATTORNEYS FOR PLAINTIFF

Exhibit A

Form 1       **NATIONAL RAILROAD ADJUSTMENT BOARD**
**FIRST DIVISION**

Award No. 31034
Docket No. 50878
21-1-NRAB-00001-210162

The First Division consisted of the regular members and in addition Referee James M. Darby when award was rendered.

**PARTIES TO DISPUTE:** (SMART – Transportation Division
(
(Kansas City Southern Railway Company

**STATEMENT OF CLAIM:**

"Claim in behalf of Mr. Brandon L. Smith, hereinafter referred to as Claimant, Employee No. 201589, that Claimant be reinstated to service with seniority unimpaired and with pay for all time lost, including time spent at the investigation, without any deduction for outside earnings, if any, other than those received from the Carrier and with full benefits restored and reimbursement for any expenditures for health and welfare incurred, as well as any COBRA payments made by the Claimant, and with all notations removed from his personal record as a result of being dismissed from the service of the Kansas City Southern Railway, effective November 2, 2018."

**FINDINGS:**

The First Division of the Adjustment Board, upon the whole record and all the evidence, finds that:

The carrier or carriers and the employee or employees involved in this dispute are respectively carrier and employee within the meaning of the Railway Labor Act, as approved June 21, 1934.

This Division of the Adjustment Board has jurisdiction over the dispute involved herein.

Parties to said dispute were given due notice of hearing thereon.

On October 24, 2018, an investigation was held to develop facts and determine responsibility in connection with the Claimant's alleged conduct

Form 1  
Page 2

Award No. 31034  
Docket No. 50878  
22-1-NRAB-00001-210162

unbecoming of an employee on or around September 29, 2018, when he allegedly was arrested for 2nd degree battery based on conduct detailed in a law enforcement report provided to the Carrier on October 10, 2018. Specifically, the evidence at the investigation established that Claimant began employment with the Carrier in train service on December 9, 2013. At the time of the incident at issue, the Claimant was employed by the Carrier as a Conductor in Bossier, LA. On September 30, 2018, the Carrier gained knowledge the Claimant was wanted for questioning by the Caddo Sherriff related to a possible felony charge. Thereafter, on October 3, 2018, the Claimant contacted the Carrier and reported his arrest due to his involvement in a domestic dispute. On October 10, 2018, the Carrier received a copy of criminal charges describing how the Claimant had beaten another man unconscious after he learned the man was having an affair with his wife. The record shows that the criminal charges against the Claimant were eventually dropped.

Based on this evidence, on November 2, 2018, the Carrier determined the Claimant violated the Carrier's General Code of Operating Rules 1.6 - Conduct, GCOR Rule 1.9 - Respect of Railroad Company and its policy prohibiting Workplace Threats & Violence and dismissed the Claimant from service.

Based on an examination of the entire record, the Board concludes that the Carrier has failed to present sufficient evidence to sustain the charges. The incident occurred while the Claimant was off-duty and there is no evidence that the Claimant's arrest was a newsworthy event and/or brought any disrepute to the Carrier. Therefore, there is no evidence establishing a nexus between the Claimant's off-duty conduct and his employment with the Carrier. Furthermore, the Claimant self-reported his arrest and the criminal charges brought against him were eventually dropped. Finally, although the Carrier contends the Claimant misrepresented or "downplayed" the nature of his misconduct, displaying dishonesty on his part, the Carrier never charged the Claimant with dishonesty. It simply terminated his employment due to his arrest and based on allegations in a criminal complaint that was subsequently dismissed. Under these circumstances, the Board cannot uphold the discipline imposed here.

Accordingly, the claim is sustained.

Form 1
Page 3

Award No. 31034
Docket No. 50878
22-1-NRAB-00001-210162

## AWARD

Claim sustained.

## ORDER

This Board, after consideration of the dispute identified above, hereby orders that an award favorable to the Claimant(s) be made. The Carrier is ordered to make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties.

NATIONAL RAILROAD ADJUSTMENT BOARD
By Order of First Division

Dated at Chicago, Illinois, this 26th day of August 2022.