**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION, | ) ) ) ) ) | |
| Petitioner, | ) ) | Case No. 1:22-CV-160-SNLJ |
| v. | ) ) | |
| THE KANSAS CITY SOUTHERN RY. CO., | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM and ORDER**

This matter is before the Court on respondent's motion to transfer this matter to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a) and motion to dismiss.

**I.      Motion to Transfer [Doc. 8]**

Petitioner is the International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division ("SMART").  SMART seeks to enforce an arbitration award issued by the First Division of the National Railroad Adjustment Board ("Board") in Docket No. 50878, Award No. 31034 (the "Award"), under Section 3 First (p) of the Railway Labor Act ("RLA"), 45 U.S.C.  § 153 First (p).  The Award addressed the discharge of Brandon Smith ("Smith") from his employment with The Kansas City Southern Railway Company ("KCS").

The RLA permits a party to file a petition to enforce an arbitration award "in the District Court of the United States for the district in which he resides or in which is located

the principal operating office of the carrier, or through which the carrier operates…."  45 U.S.C.  § 153 First (p).  Petitioner filed its lawsuit here because this district is one "through which [KCS] operates."  Even so, it is entirely unclear why petitioner chose to file this RLA action in the Eastern District of Missouri.  KCS has its principal place of business in Kansas City, Missouri—in the Western District of Missouri.  The events giving rise to Smith's discharge occurred in the Western District of Louisiana; SMART itself is located in Ohio; the Board is located in the Northern District of Illinois.  Respondent KCS asks this Court to transfer the matter to the Western District of Louisiana as a matter of convenience and in the interests of justice.

Respondent brings its motion to transfer under 28 U.S.C.  § 1404(a), which states

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The Eighth Circuit recognizes that Section 1404(a) "reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  *Id.*  at 695. "After weighing the relevant factors, unless the balance is strongly in favor of defendant, the plaintiff's choice of forum should

be left undisturbed." *Gen. Comm. of Adjustment GO-386 v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995).

Respondent argues that the Western District of Louisiana would be more convenient because that is where all the events that gave rise to the action occurred, and Smith and all witnesses either worked or still work in the Western District of Louisiana. Respondent also argues that the Western District of Louisiana better serves the "interests of justice" because it is home to where most of the events relevant to the matter occurred, the individual affected is domiciled there, and because the time from filing of a case to its conclusion in the Western District of Louisiana is 7.3 months (compared to 10.5 months in this District).

A paucity of relevant caselaw exists in this district. This Court has previously granted a motion to transfer an RLA case to the District for the District of Columbia where other, related cases were already pending, citing the "first-filed" rule. *Id.* at 253-54; *see also Bhd. of Maint. of Way Employes Div./IBT v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1063 (D. Neb. 2020) (transferring RLA matter to the District for the District of Columbia allowing identical cases to be decided in a single action). In those cases, the courts found that the interests of justice—in particular the economy of trying related suits in one forum—weighed heavily in favor of transfer. The facts here do not tip the scales so heavily. First, although Smith worked in and was discharged in the Western District of Louisiana, the subject matter of this lawsuit is the arbitration Award, and all material evidence for the Court's determination is in the record. There is no reason to

3

believe that any further evidence or witnesses will be required, as these matters are usually resolved on briefing only.

The parties cite two cases from the Southern District of Illinois that reach different conclusions on this same issue.  Neither case is published or even available on Westlaw. *See Brotherhood of Locomotive Engineers & Trainmen v. Union Pacific R.R. Co.*, 3:08-cv-00828 (S.D. Ill. July 9, 2009) ("*BLET*") (denying transfer of RLA case to another district); *Brotherhood of Ry. Carmen v. Kansas City S.R.R. Co.*, No. 04-CV-0471 (S.D. Ill. Apr. 21, 2005) ("*BRC*") (granting transfer).  The case granting transfer, however, is distinguishable in that, in *BRC*, the court held that the transferee district "clearly has an interest in resolving this matter since the events material to the arbitration and the arbitration itself occurred in that district."  *BRC* at 6.  Here, of course, the arbitration occurred in Chicago, not in the proposed transferee district in the Western District of Louisiana.

This Court also notes, with respect to efficiency considerations, that this matter was filed in the Southeastern Division of the Eastern District of Missouri, and the dockets in this division are not overburdened.  This matter may thus be handled expeditiously in this Court.

Although it is true that petitioner's motive for filing its lawsuit here is entirely unclear, this Court cannot say that respondent KCS has shown that "the balance is strongly in favor" of transfer.  *See General Committee of Adjustment*, 895 F. Supp. at 252.  As a result, the motion to transfer will be denied.

## II.      Motion to Dismiss [Doc. 11]

Also pending is the respondent's motion to dismiss.  Neither party fully addresses

the effect of KCS's request that the Board "issue an interpretation of the Award" under §

3, First (m) of the RLA.  [Doc. 12 at 5.]  KCS states in its reply brief only that the

"request is now docketed and pending."  Accordingly, the parties shall file supplemental

briefing setting forth the updated facts and law supporting their positions regarding the

effect of KCS's pending request with the Board.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to transfer [Doc. 8] is
DENIED.

**IT IS FURTHER ORDERED** that parties shall file simultaneous supplemental
briefs in accordance with this Memorandum and Order by July 13, 2023.

Dated this   29th   day of June, 2023.

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE