UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION,<br><br>        Petitioner,<br><br>    v.<br><br>THE KANSAS CITY SOUTHERN RY. CO.,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:22-CV-160-SNLJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>MEMORANDUM and ORDER</u>**

This matter is before the Court on petitioner's motion for fees and costs. [Doc. 31 and Doc. 32.] Petitioner is the International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division ("SMART").  This Court entered judgment in favor of SMART and against The Kansas City Southern Railway Company ("KCS" and granted SMART's request for attorney's fees pursuant to 45 U.S.C.  § 153 First (p).   KCS objects to certain aspects of SMART's request for fees, and KCS contends that it is wholly not liable for costs because the statute requires those costs are paid by the Court's non-appropriated fund.

**I.    Fees**

KCS objects to the inclusion of several time entries that it claims contains hours that are excessive or otherwise consist of clerical functions or "work not on this case." [Doc. 36 at 1.]  SMART concedes to two objections posed by KCS:  a reduction from 0.8

1

hours to 0.2 hours on March 29, 2023 for Shawn McKinley, and from 1.0 to 0.4 hours for Benjamin Tobin on June 29, for a total reduction of $450.00.

The parties disagree about the following time entries:

### Shawn McKinley's Entry Related to Pro Hac Vice Admission

Mr. McKinley recorded 1.8 hours for drafting and filing his motion for admission pro hac vice.  KCS argues that the time should be reduced from 1.8 to 0.5 hours because the form is short and certain work obtaining a certificate of good standing should be preformed by a clerical employee.  SMART counters that the pro hac vice form requires information that takes time to gather, particularly as Mr. McKinley is admitted to nine different Courts. The form requires a listing of those courts as well as dates of admission, admission that requires time to assemble.  In addition, SMART notes that due diligence requires a detailed review of the local rules for pro hac vice admission. The Court will allow the full 1.8 hours recorded.

### Benjamin Tobin's Entry Related to Reviewing Motion

Mr. Tobin recorded 1.6 hours spent reviewing KCS's motion to dismiss or transfer.  KCS argues it should be disallowed as duplicative of Mr. McKinley's time performing the same task.  SMART points out that Mr. Tobin later records time related to discussing the motion and SMART's response with Mr. McKinley, making clear why Tobin also needed to review the motion.  The full 1.6 hours will be allowed.

### Erika Diehl-Gibbons

KCS objects to 0.3 hours recorded by Mrs. Diehl-Gibbons related to reviewing the Court's July 28, 2023 Memorandum and Order and editing the proposed judgment

2

drafted by Mr. McKinley.  KCS states that the time was duplicative and there was no reason to involve another attorney.  It is neither unusual nor impermissible for a more experienced attorney to review the work of a less-experienced colleague; notably, no other senior attorney reviewed Mr. McKinley's work on the proposed judgment.  Further, the 0.3 hours recorded is hardly excessive.  The time recorded by Mrs. Diehl-Gibbons will be allowed.

\*\*\*

Thus, the Court will deduct $450 from the fees requested by SMART to award a total of $27,360.

## II.     Costs

SMART also submitted a Bill of Costs in this matter totaling $552, seeking to have those costs taxed against KCS.  KCS does not quibble with the costs per se, but KCS suggests that costs for this matter are paid "out of the appropriation for the expenses of the courts of the United States."   45 U.S.C.  § 153, First (p).  The full text of that statute is as follows:

> (p) If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be conclusive on the parties, and except that the **petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings, unless they accrue upon his appeal, and such costs shall be paid out of the**

3

> **appropriation for the expenses of the courts of the United States.** If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit. The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board: Provided, however, That such order may not be set aside except for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

*Id.* (emphasis added).

SMART suggests that other courts have ordered the carrier to pay costs as well as attorneys' fees, and SMART attaches orders in representative cases, but those orders do not acknowledge the statute's cost provision. Indeed, few courts have discussed the meaning of the statute's costs provision, although one has observed that the provision "may fairly be construed to mean only that petitioner shall not be liable for costs at any stage of the proceedings," and that the provision does not apply to carriers' costs. *Bhd. of Sleeping Car Porters v. Pullman Co.*, 200 F.2d 160, 165 (7th Cir. 1952) (*"BSCP"*). The *BSCP* court thus denied the carrier's request that the United States pay its costs on appeal. *Id.* Here, it seems that this Court should reimburse petitioner's filing fee and *pro hac vice* fee, which total $552. Thus, KCS need not be responsible for paying such costs itself.

4

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for fees and costs [Doc. 31] is GRANTED in part and DENIED in part, and that respondent shall pay to petitioner $27,360 in attorneys' fees.

**IT IS FURTHER ORDERED** that petitioner's filing fees and *pro hac vice* fee of $552 shall be reimbursed by the Court, and thus the bill of costs [Doc. 33] shall be denied as moot.

Dated this 19th day of October, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5